IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) ) ) | **COMPLAINT** |
| | ) | **JURY TRIAL DEMAND** |
| RECREATIONAL VENTURES, INC. d/b/a COURT ONE | ) ) ) | |
| Defendant. | ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and retaliation, and to provide appropriate relief to Sammy Johnson ("Johnson"), who was adversely affected by such practices. Plaintiff, the U.S. Equal Employment Opportunity Commission ("the Commission"), alleges Defendant Recreational Ventures, Inc. d/b/a Court One ("Defendant") subjected Johnson to a racially hostile work environment based on his race, black. The Commission further alleges Defendant discharged Johnson in retaliation for engaging in a protected activity. Finally, the Commission alleges that since at least February 2018, Defendant has failed to post and keep posted notices required by the Commission.

## JURISDICTION AND VENUE

1

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000E-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of North Carolina.

## PARTIES

3. Plaintiff is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000E-5(f)(1) and (3).

4. At all relevant times, Defendant, a North Carolina corporation headquartered in Youngsville, North Carolina, has continuously been doing business in the State of North Carolina and the City of Granite Quarry, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Johnson filed a charge with the Commission alleging violations of Title VII by Defendant. Defendant responded to Johnson's charge and participated in all aspects of the Commission's administrative investigation.

7. On May 30, 2018, the Commission issued a Determination finding reasonable cause to believe Defendant violated Title VII, and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Determination.

9. Defendant participated in the Commission's conciliation efforts.

10. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. On July 25, 2018, the Commission issued a Notice of Failure of Conciliation.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

Racially Hostile Work Environment / Retaliation Discharge

13. As described in greater detail below, from at least June 6, 2017 through at least June 28, 2017, Defendant engaged in unlawful employment practices at its facility in

3

Granite Quarry, North Carolina (the "Facility") and at job sites in North Carolina, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). Specifically, Defendant subjected Johnson to a racially hostile work environment because of his race, black, while he was employed by Defendant.

14. Johnson began working for Defendant as a laborer on or about June 6, 2017.

15. Johnson was assigned to work on a two-person crew that consisted of a foreman and a laborer. The crew Johnson was assigned to work on, worked at the Facility, and traveled to and worked at job sites in North Carolina.

16. On or about June 6, 2017, Johnson began to be subjected to racial harassment by the foreman of his assigned crew (hereafter "Foreman") and a laborer from another crew (hereafter "Coworker"), both of whom are Caucasian.

17. Throughout Johnson's employment, on a daily or near daily basis, the Foreman and/or the Coworker made racist statements to Johnson or in Johnson's presence. The conduct included among other things, referring to Johnson as a slave, calling him "boy" and "big black buck," telling racist jokes, referring to equipment as "nigger-rigged," and playing "alerts" over the facility's loudspeaker and in the company truck which falsely warned of mass shootings of blacks.

18. The racially offensive conduct of the Foreman and the Coworker was not welcomed by and was offensive to Johnson. On multiple occasions during his employment, Johnson complained to the Foreman about the Foreman's or the Coworker's racially harassing conduct.

19. On or about June 27, 2017, Johnson told the Foreman that he was going to report the racial harassment to Defendant's Branch Manager.

20. Upon information and belief, on June 28, 2017, before Johnson had an opportunity to meet with the Branch Manager, the Foreman met with or otherwise contacted the Branch Manager and told the Branch Manager that Johnson was not meeting performance expectations. During the conversation, the Foreman recommended that Johnson be terminated.

21. The Branch Manager terminated Johnson's employment on June 28, 2017, following his conversation with the Foreman.

22. The Foreman recommended that Johnson be fired.

23. The Branch Manager discharged Johnson based on the Foreman's recommendation.

24. Johnson was subjected to a hostile work environment based on his race, black.

25. Defendant discharged Johnson in retaliation for engaging in activity protected until Title VII. Specifically, Defendant discharged Johnson because he complained and attempted to further complain about the racial harassment and racially hostile work environment.

26. The effect of the practices complained of above has been to deprive Johnson of equal employment opportunities and otherwise adversely affect his status as an employee because of his race, black.

27. The unlawful employment practices complained of above were intentional.

28. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Johnson.

Failure to Post Required Notices

29. Since at least February 8, 2018, Defendant has failed, in willful violation of Section 711(a) of Title VII, 42 U.S.C. § 2000e-10(a), and 29 C.F.R. §1601.30, to post and keep posted at its work facilities a notice which have been prepared or approved by the Commission setting forth excerpts from or summaries of the pertinent provisions of Title VII and information pertinent to the filing of a charge or complaint.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with them, from maintaining a racially hostile work environment, and from retaliating against employees who oppose unlawful discrimination, make a charge of unlawful discrimination or participate in an investigation of unlawful discrimination.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for black employees, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Johnson whole, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, reinstatement or front pay.

D. Order Defendant to make Johnson whole by providing compensation for past and future pecuniary losses resulting from the unlawful practices described above, in amounts to be determined at trial.

E. Order Defendant to make Johnson whole by providing compensation for past and future nonpecuniary losses, resulting from the unlawful practices described above including, but not limited to, emotional pain, suffering, inconvenience, humiliation, loss of enjoyment of life, loss of self-esteem, loss of civil rights, and other non-pecuniary losses, in amounts to be determined at trial.

F. Order Defendant to pay Johnson punitive damages for its intentional, malicious and/or reckless conduct, as described above, in amounts to be determined at trial.

G. Order Defendant to post and keep posted the notices required by Section 711(a) of Title VII, 42 U.S.C. § 2000e-10(a) and 29 C.F.R. §1601.30.

H. Order Defendant to pay to the United States Treasury in accordance with 29 C.F.R. §1601.30 a fine for each separate offense of its failure to post the required notices.

I. Grant such further relief as the Court deems necessary and proper in the public interest.

J. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted this 26th day of September 2018.

>EQUAL EMPLOYMENT OPPORTUNITY
>COMMISSION
>
>JAMES L. LEE
>Deputy General Counsel
>
>GWENDOLYN YOUNG REAMS
>Associate General Counsel
>131 M. Street, NE
>Washington, D.C. 20507
>
>
>/s/ *Lynette A. Barnes*_____
>LYNETTE A. BARNES (N.C. Bar No. 19732)
>Regional Attorney
>
>YLDA KOPKA
>(ILL Bar No. 6286627)
>Supervisory Trial Attorney
>
>
>/s/ *Yolanda W. Brock*_____
>YOLANDA W. BROCK
>(N.C. Bar No. 36651)
>Senior Trial Attorney
>EQUAL EMPLOYMENT OPPORTUNITY
>COMMISSION
>Charlotte District Office
>129 West Trade Street, Suite 400
>Charlotte, North Carolina 28202
>Telephone: 704.954.6463
>Facsimile: 704.954.6412
>Email: yolanda.brock@eeoc.gov
>
>**ATTORNEYS FOR PLAINTIFF**